Alms v. Conway.

HERMAN ALMS, Respondent, v. THOMAS CONWAY, Appellant.

**Kansas City Court of Appeals, February 6, 1899.**

1. **Negligence:** UNSAFE BUILDING: MATERIAL ALLEGATIONS: BURDEN OF PROOF. In an action for negligence in maintaining a building by the fall of which plaintiff was injured the answer admitted the ownership and possession of the building at the time of the accident and an instruction that the burden was on the plaintiff to prove all the material allegations of the petition was properly refused.

2. ———: ———: EVIDENCE: SUBSEQUENT CONDEMNATION. In an action for injuries from a falling building evidence of the subsequent condemnation of the building is improper, but in this case it is harmless since the defendant testified to the same effect.

*Appeal from the Jackson Circuit Court.*—HON. E. P. GATES, Judge.

AFFIRMED.

LYMAN & BROWN for appellant.

(1) The burden of proving the material allegations in his petition rested upon the plaintiff. See 14 Greenleaf on Evidence [14 Ed.], sec. 74. And that the court erred in refusing an instruction to that effect. (2) The admission in evidence of the building inspector's notice was error. The court will observe that the notice is dated August 5, 1897, some four months after the alleged damage.

HOWELL & PERDUE for respondent.

(1) The court committed no error in instruction number one. The instruction, as given, was the only one that could be given, to be consistent with the pleadings and evidence, and the only one that could be given in harmony with

Alms v. Conway.

number 2 given by the court at the suggestion of appellant. (2) It will be observed that the defendant, on his direct examination, opened the question of the removal and final disposition, and also as to the condition of the building at the time of removal, and the foundation for such rebuttal was further laid in the cross-examination of defendant.

GILL, J.—On the third day of April, 1897, while plaintiff was walking along the sidewalk on Grand avenue at the corner of fourteenth street, the front of an old one story frame building, owned by the defendant and used by him as a blacksmith shop, fell out across the sidewalk and onto the plaintiff, severely injuring him. For the injuries thus sustained plaintiff brought this action, charging defendant with negligently maintaining an old, dilapidated, rotten and dangerous structure on the line of said much traveled thoroughfare. Defendant, by his answer, admitted his ownership and occupation of the building as charged in the petition; but alleged that it was sound and strong and that the front thereof was forced out of its place by means of an unusual and extraordinary wind storm, for which he, the defendant, ought not to be held liable. On the issues thus formed a jury trial was had, resulting in a verdict and judgment for plaintiff in the sum of $1,245 and defendant appealed.

On the issues as to the character and condition of the building at and before plaintiff's injury, and as to whether or not the falling of the front was attributable to a wind storm of extraordinary violence, evidence pro and con was introduced and hence the verdict of the jury must be regarded as settling those questions. As regards the court's rulings on instructions, but one objection is made here and that is to the court's refusal to give defendant's instruction relating to the burden of proof. From an examination of

NEGLIGENCE: unsafe building: material allegations: burden of proof.

the instruction offered we have concluded the court did not err in rejecting it, its language was objectionable. It imposed on the plaintiff "the burden of proving *all the material allegations* of the petition." This was not technically correct. In the first place it ought not to be left to the jury to determine which of the allegations were *material;* and besides the plaintiff was not required to prove *"all the material allegations of the petition,"* because under the state of the pleadings some of these material allegations were admitted, the answer confessed some of them. No proof was required as to these admitted allegations; the evidence was properly confined to the facts in *issue.*

The only remaining objection to matters occurring at the trial, is the court's action in permitting the superintendent of buildings' "official notice of unsafe structure" to be read to the jury. This notice was served on the defendant in August, sometime after Alms' injury, and warned defendant to take the building down because unsafe and dangerous.

——: ——: evidence: subsequent condemnation.

Under ordinary circumstances the introduction of this paper might be treated as error, since it related to the building's condition long after the accident. But in this instance the paper was harmless, since defendant Conway himself, while on the witness stand, had already stated that the superintendent of buildings condemned the building after Alms was hurt. The record shows that the court, when objections were made, correctly ruled out all evidence relating to the condition of the building subsequent to the accident, but defendant saw proper to testify in relation to this ultimate condemnation of the building by the city superintendent, and is therefore in no condition now to complain.

This disposes of every point made in the briefs. And as we find no error, the judgment must be affirmed. All concur.